ALBANY,
Oct. 1836.

Smith
v.
Dewey.

## SMITH & KNIFFIN *vs.* DEWEY.

A *declaration in ejectment* may contain several counts in the names of *several persons* as plaintiffs, in the manner heretofore used when the suit was brought in the name of a *nominal plaintiff*, and separte demises were laid in the names of *separate lessors ;* it is not necessary that it should contain a *joint count,* or that a joint interest or joint injury should be olleged.

THIS was a *demurrer* to a *declaration in ejectment.* The cause of demurrer relied on by the defendant's counsel is, that the declaration, though in the names of two plaintiffs, does not contain a *joint count,* showing that the plaintiffs have a *joint* interest or have sustained a *joint* injury ; it contains two separate counts, one in the name of *Smith,* one of the plaintiffs, and the other in the name of *Kniffin,* the other plaintiff. The case was submitted without argument.

*E. Hibbard,* for the defendant.

*I. Porter,* for the plaintiff.

*By the Court,* BRONSON, J. The action of ejectment, as it formerly existed, has not been abolished. Fictitious names are no longer used in the action, and various provisions have been made for the purpose of rendering it a more direct and beneficial remedy. Subject to these provisions, it may be brought " in the cases and the manner heretofore accustomed." 2 *R. S.* 303, §1. There is nothing in the statute to prevent the joinder of several persons in bringing the action, nor making it necessary for them to show any joint interest or damage. In this respect the action remains as it was before, when several demises were inserted in the declaration. They might be either joint or several, or both, according to the manner in which the party expected to prove his case on the trial. The 11th section of the statute, on which the defendant relies, was not inserted for the purpose of limiting the remedy, but to declare more explicitly the intention of the legislature to continue, in this particular, the

VOL. XV. 76

former practice. It provides that " the declaration may contain several counts, and several parties may be named as plaintiffs jointly in one count and severally in others." This only means that several plaintiffs *may*, not that they must be named jointly in one count and severally in others. If there could be any doubt as to the true construction of the statute, it would be removed by the note of the revisers. They say, " the object of this section is to retain the advantages which now result from the right to use various demises." The 30th section provides for a verdict in favor of all or any one of the persons named as plaintiffs; and where any of the plaintiffs do not show a right to recover, the verdict as to such is to be rendered for the defendant.

The defendant will not be prejudiced by several counts on the right of different individuals, any more than he formerly was by allowing different demises from several lessors of the plaintiff. Heretofore, when the name of a lessor was used without his consent, it was struck out on motion. Another remedy equally beneficial to the defendant has been provided where the name of any person is used as plaintiff without his authority, §17—20.

Judgment for the plaintiffs.