MAURICE S. TRAVER and others against FOUNTAIN S. TRAVER and others.

Proceedings for the partition of lands may be commenced by petition, and conducted as formerly, under the Revised Statutes, (title 3, chap. 5, part 3.)

The Code of Procedure, in its general scope, does not include such proceedings among its "*civil actions.*" If it did, the 390th section excepts them from its operation.

Whether such proceedings *may* also be commenced by summons and complaint under the code. *Quere?* The case of *Watson* v. *Brigham,* ante, 290, and *Backus* v. *Stilwell,* ante,

318, (which decide that such proceedings may be commenced under the code,) commented upon.

*It seems* that the commissioners of the code *intended* originally to include partition among their civil actions, but that the Legislature intended otherwise, and have expressed that intention in the code.

*Dutchess Special Term, Dec.* 7, 1848.—This was a proceeding for partition of lands, commenced by petition according to the former practice, under the third title of chap. 5, part III. of the Revised Statutes. On proof of due service of the petition, the Plaintiffs move for the usual order to answer the petition, &c.

> WM. J. STREET, *for Petitioner.*
> *No one opposing.*

At the same time a like motion was made in another case.

> AMBROSE WAGER, *for Petitioners.*
> J. EMOTT, JR., *for Defts.*

The cases were considered together, and after advisement, the following opinion was delivered by

BARCULO, Justice.—Two questions are involved:

1st. Does the Code of Procedure, in its general scope, include proceedings by petition, for partition among its *civil actions?*

2d. If so, does not the 390th section except them from its operation?

After the most careful consideration, I have come to a conclusion favorable to the petitioners on both of these points. Not having leisure to write out an opinion at length, I will endeavor to give a concise summary of the course of reasoning by which this conclusion is attained.

1. The preamble to the code recites the expediency of abolishing the existing *forms of actions and pleadings in cases at common law,* "and that the distinction between legal and equitable remedies should no longer continue, and that an uniform course of proceeding in all cases should be established." The words "in all cases" in the last clause, evidently refer to the preceding context, and are limited to common law actions and suits in equity. This is also apparent from the fact that the code expressly excepts *all* special proceedings, and numerous other statutory remedies which partake of the nature of actions. The preamble, therefore, contains merely the abolition of the existing forms of proceeding in *actions at common law* and in *suits in equity;* and the adoption of one new uniform course of proceeding for both.

2. The second section follows up the same idea, by declaring that "an

action is a *regular* judicial proceeding in which a party *prosecutes* another," &c. The word *regular* cannot be fairly applied to *statutory* remedies unknown to the common law. The phrase seems to be at least as strong as "by the law of the land," or "by the due course and process of law," which are construed to imply a trial had according to the course of the common law. (*Taylor* v. *Porter*, 4 Hill, 140.)

3. All actions at common law were commenced by writ. (3 Black. Com. 117, 254.) All suits in equity were commenced by bill and subpœna. No suit or action was commenced by *petition*.

4. There was no common law action of *partition* between *joint tenants* or *tenants in common*. The writ of partition lay only between coparceners until the statute of Henry VIII. (2 Black. Com., 189, 194; 1 Stephens' Com., 317, 323, 327.)

5. The proceedings in question are commenced by *statutory petition*, and are, therefore, neither an action at common law, nor a suit in equity; and, consequently, not within the definitions and purview of the code.

6. Again: The definition requires that one party should *prosecute* another. This is not true in ordinary partition cases. It is often a matter of indifference or chance which of the owners become petitioners, and which Defendants—all being equally desirous of a division and only compelled, perhaps, by infant or absent owners, to require the aid of a court. The petitioner *recovers* nothing from the Defendants. He must be *owner and possessor* before he can proceed at all; and instead of recovering he *must set forth and prove the Defendant's title* himself. He does not complain of any wrong done, or thing withheld by the Defendants; but merely asks the court to do that which will benefit all the owners equally. The judgment does not enlarge or diminish the rights or interests of any of the parties. It does not award anything to any one—not even costs, but merely enables each, at his own expense, to possess and enjoy, in one mode, the property which, before, he could possess and enjoy in another. And finally, no *execution* is given to enforce the decree of partition, but the parties are left to their respective actions of ejectment. The principal elements of an action are therefore wanting.

7. The proceedings in question have never been deemed, treated or called a *legal action*. The party seeking partition is termed a *petitioner*, not a plaintiff. He *prays* instead of *demanding*. The Revisers in their notes say "the whole proceeding is more *akin* to a bill in equity than an action at law," which clearly implies that it *is* neither.

8. Again: Numerous provisions of the code seem to contemplate only the regular ordinary actions and suits; and appear to be not *well adapted*

if at all applicable, to partition. Such are some of the provisions in relation to entering judgments and issuing *executions.* The provision for costs applies to *hostile* parties, and costs are given to the *prevailing party* against the other, which cannot refer to partition. Moreover, if it is an action it must fall within the 68th or 77th sections of the code in regard to limitations, and thus the court will be reduced to the dilemma of deciding that partition is an action for *the recovery of real property* within the 68th, or that it is barred *within ten years* after the cause of action accrued, under the 77th section.

My first impressions were strongly against the petitioners; but, after a careful search, I have been unable to find a single substantial reason for including this proceeding among the civil actions of the code. On the contrary, I think, it must be denominated a special, peculiar, *irregular* judicial proceeding, which the code would not cover, even if it were not expressly excepted.

II. Out of abundant caution, the Legislature have, by the 390th section expressly declared that the code shall not apply to any proceedings provided for by several titles; among which is the third title of chapter five of the third part of the Revised Statutes, entitled, " Of the partition of lands owned by several persons." This provision is so broad and explicit, as to leave no doubt, except that which has been supposed to arise from the subsequent words, " except that when, in consequence of any such proceedings, a civil action shall be brought, such action shall be conducted in conformity to this act." It has been suggested that this clause may leave proceedings in partition to be carried on as an action under the code. But this cannot be so, even admitting that the proceedings are within the code's definition of a civil action, for the following reasons:

1. Because such a construction would permit the exception to *annul* the enacting clause; which is contrary to the settled principles of construing statutes. (Dwarris on Statutes, 763.)

The title in question contains *nothing else* but provisions regulating the proceedings to obtain partition or sale of land held by joint tenants or tenants in common. If, therefore, the excepting clause, above quoted, brings the proceedings within the civil actions of the code, then the Legislature have been guilty of the absurdity of declaring, in the *enacting clause* of section 390, that the code shall *not* affect proceedings in partition, and in the *excepting clause* of the same section, declaring that the code *shall* affect and *govern* those proceedings.

2. If this be a civil action, it is clearly not brought " *in consequence of* any such proceedings," in the language of the code. A *consequence* is that

which follows some preceding act, cause, principle or thing. Now this petition, presented by the petitioners in this case, does not *follow* any thing as a consequence. It is itself the first step ; and instead of being the *consequence* it is the *origin* of the proceedings. To say that a petition which is the *commencement* of a proceeding is its *consequence*, sounds very much like a contradiction in terms.

3. There is no foundation for the supposition that the exception is *unmeaning* unless it includes such proceedings. Full force can be given to it without resorting to so unnatural an interpretation. The titles which that section declares are not affected by the code, provide for numerous special proceedings and peculiar actions. Out of, or in consequence of, some of which *civil actions* may arise ; and therefore if these latter were not provided for by the excepting clause, a doubt might arise whether these consequential actions would not also be taken out of the operation of the code, by the enacting clause. Among these civil actions which may be brought in consequence of proceedings under the titles named in section 390, are the following, viz :

Actions brought by trustees of insolvents, under the seventh section of article 8, title 1, chap. 5, part II, to recover the estate or things in action of the debtor. Actions of ejectment under sec. 9, of title 2, chap. 5, part III, which grow out of proceedings to compel the determination of claims to real property : actions of ejectment which follow proceedings in partition, and are necessary to enable the respective parties to recover possession of their assigned shares, and actions to recover moneys invested under 71st section of the same title : actions under the 20th section of title 8, of the same chapter : actions brought by a poor person in consequence of an order of the court under the first title of the 8th chap. of the third part : actions of ejectment for dower, after admeasurement, under the eighteenth section of title 8, of the same chapter : actions under the second article of title 9, of the same chapter ; actions upon bonds taken on arresting Defendants by attachment pursuant to sec. 28, of title 13, of the same chapter : actions upon an award, or for revoking a submission, pursuant to the provisions of title 14, of the same chapter : and actions for the penalties given by the provisions of title 1, chap. 9, of the 3d part of the Revised Statutes, concerning writs of habeas corpus, &c.

These instances are sufficient to satisfy the terms of the excepting clause, and to show the propriety of its insertion, to prevent the doubts which might otherwise arise in regard to the actions above enumerated. So far from being obscure or unintelligible the section, taken all together, seems to me to be unusually sensible.

The true principle applicable to these titles, named in the 390th section, I apprehend to be this: Where the title *creates* the proceeding and contains full directions as to the form and mode of conducting it, or where the title modifies a common law remedy, so as to make it essentially new and statutory; in such cases the right and remedy remain unseparated and unaltered. But where the titles merely provide for proceedings *preliminary* to an action, or establish certain principles of law or rules of evidence to govern suits between certain parties, under certain circumstances, without materially affecting the form of the action or manner of conducting it in other respects; there the proceedings are retained and applied to the new system, and the action, not *depending* upon the old statute, is to be conducted in conformity with the code. In the latter class may be placed the statutes in relation to suits by poor persons, by, and against administrators, fixing the damages for trespass in certain cases, &c.; which do not seriously affect the forms of action, but are as applicable to the new system as to the old. In the former class may be placed proceedings in partition; proceedings against coporations in courts of law, admeasurement of dower; proceedings for the collection of demands against ships and vessels; forcible entries and detainers; writ of nuisance, and actions of waste; all of which are either entirely creatures of the statute, by which the right and remedy are made inseparable or are common law actions, so far modified by the statute, as to be inconsistent with any other general form of remedy.

The Defendant's counsel relies on the cases of *Watson* v. *Brigham*, 3 Howard, 290, and *Backus* v. *Stilwell*, 3 Howard, 318. In regard to the first, I have endeavored above to answer the doubt suggested as to "what was meant by bringing an action in consequence of such proceedings." In the latter case, it is apparent that the learned justice had before him the *report of the commissioners* instead of the *code* when the opinion was written; as he cites the 390th section as containing the words, "*when in the course of any such proceedings* or in consequence thereof, a civil action shall be brought, such action shall be conducted in conformity to this act," although the words which I have *italicised*, were stricken out by the legislature. Besides, those cases decide only that the proceedings *may* be commenced by complaint under the code, and I have no occasion at present to decide the contrary.

It is to be observed, however, that the code was materially *altered* in its passage through the legislature, so that the report of the commissioners is not always a safe guide as to the intention of the law-makers. The report defined an action to be "a judicial proceeding between party and

party." The legislature altered it so as to read " an action is a *regular* judicial proceeding in which a party *prosecutes* another." This is obviously a most *material* alteration ; so much so, that I am not prepared to say, that proceedings in partition might not have come within the definition in the report. Again, section 390 was altered by striking out the words before referred to—which changed most essentially the meaning of the exceptions, and also, by adding several titles and matters to those which were declared to be not affected by the code, including proceedings upon information, *habeas corpus* and all *special statutory remedies not heretofore obtained by action.* These alterations all tend to restrict and confine the operation of the code. It may very well be, therefore, that the commissioners *intended* originally to include. partition among their civil actions, which would explain sections 103 and 109 ; but it is quite clear to my mind that the legislature intended otherwise, and have *expressed that intention* in the code.

Motion granted.