St. John *v.* Pierce.

---

JOHN HENRY HERBERT ST. JOHN, an infant, by Beverly Robinson his guardian, HENRY JOSEPH ST. JOHN and FERDINAND ST. JOHN *vs.* JAMES PIERCE.

All the general provisions of the revised statutes relating to actions concerning real estate, where no specific inconsistent provision is made in the code on the same subject, remain in force, and are to be applied and adapted to actions under the code.

Whenever the code defines or declares a right, or provides a remedy, such provision must prevail, and repeal any and every inconsistent provision in the revised statutes.

The section of the revised statutes, declaring that the declaration in ejectment may contain several counts, and that several parties may be named as plaintiffs, jointly, in one count, and separately, in others, relates merely to the *remedy,* and is therefore repealed by the code, as being inconsistent with its provisions respecting the parties to actions, the form of actions, and with the whole scope of the code. WELLES, J., dissented.

Those provisions of the code are in conflict with the theory of separate counts in the name of separate plaintiffs, for the same cause of action, as in the former action of ejectment, and of separate counts in favor of the same plaintiff, for the same cause of action, as in other actions. WELLES, J., dissented.

The intent of section 455 of the code was that the change made in the form of the remedy should not affect any substantial right, nor change any provisions relating to the remedy that can be adapted to, and applied under, the code, in perfect consistency therewith.

St. John *v.* Pierce.

APPEAL by the defendant from an order made at a special term, overruling a demurrer to the complaint. The complaint was as follows: "The above John Henry Herbert St. John, (an infant under the age of twenty-one years, by Beverly Robinson, his guardian,) Henry Joseph St. John and Ferdinand St. John, plaintiffs in this action, show to the court, that the plaintiffs, John Henry Herbert, Henry Joseph and Ferdinand above named, on or about the first day of May, one thousand eight hundred and forty-five, were possessed of a certain lot or tract of land situated in the town of Naples, in the county of Ontario and state of New York, which premises are described as follows, to wit: [Describing the premises;] which premises the said plaintiffs claim in fee. And they, the said plaintiffs, being so possessed thereof, the defendant, James Pierce, on the first day of May, 1845, entered into the said premises and ejected the said plaintiffs, John Henry Herbert, Henry Joseph and Ferdinand, therefrom, and unjustly withholds from them, the said plaintiffs, the possession thereof, to the damage of said plaintiffs of one thousand dollars.

2. The plaintiffs further show, that the said plaintiff John Henry Herbert St. John, on the first day of May, one thousand eight hundred and forty-five, was possessed of a certain lot or tract of land, situated in the town of Naples, in the county of Ontario and state of New York, which premises are described as follows, to wit: [Describing the premises as before;] which premises the said plaintiff John Henry Herbert claims in fee. And the said plaintiff John Henry Herbert being so possessed thereof, the said defendant, James Pierce, on the first day of May, 1845, entered into the said premises and ejected the plaintiff John Henry Herbert therefrom, and unjustly withholds from him the possession thereof, to the damage of said plaintiff John Henry Herbert of one thousand dollars.

3. The plaintiffs further show, that the said plaintiffs, Henry Joseph St. John and Ferdinand St. John, on the first day of May, one thousand eight hundred and forty-five, were possessed of a certain lot or tract of land situated in the town of Naples, and county of Ontario and state of New York, which premises

are described as follows, to wit : [Same description as before ;] which premises the said plaintiffs, Henry Joseph and Ferdinand, claim in fee, and they, the said plaintiffs, Henry Joseph and Ferdinand, being so possessed thereof, the said defendant, James Pierce, on the said day of May, 1845, entered into the said premises and ejected the said plaintiffs, Henry Joseph and Ferdinand, therefrom, and unjustly withholds from them the possession thereof, to the damage of said plaintiffs, Henry Joseph and Ferdinand, of one thousand dollars.

4. The plaintiffs further show, that the said plaintiff Ferdinand St. John, on the first day of May, one thousand eight hundred and forty-five, was possessed of a certain lot or tract of land situated in the town of Naples, in the county of Ontario and state of New York, which premises are described as follows, to wit : [The same premises described ;] which premises the said plaintiff Ferdinand claims in fee, and he, the said plaintiff Ferdinand, being so possessed thereof, the said defendant, James Pierce, on the first day of May, 1845, entered into the said premises and ejected the said plaintiff Ferdinand therefrom, and unjustly withholds from him the possession thereof, to the damage of said plaintiff Ferdinand of one thousand dollars. Wherefore the plaintiffs claim judgment for the recovery of the premises herein before described, together with the damages aforesaid, and the costs of this action."

The defendant demurred to the complaint, and alleged and assigned as grounds of demurrer : 1st. That several and distinct causes of action between different parties, and in different rights, were improperly inserted therein. 2d. That a cause of action in favor of John Henry Herbert St. John alone was improperly united with a cause of action in favor of all the plaintiffs ; and also with a cause of action in favor of his co-plaintiffs upon a separate, distinct and hostile title to that claimed by him. 3d. That the second and fourth counts were in favor of several plaintiffs upon their separate titles ; and in respect to those there was a defect of parties—the other persons being improperly joined as plaintiffs, when they should have been made defendants. 4th. That the plaintiffs in whose favor the

St. John *v.* Pierce.

first cause of action was prosecuted were improperly joined as plaintiffs in each of the other causes of action in said complaint. 5th. That the causes of action set forth do not affect all the parties alike. 6th. That there was a defect of parties plaintiffs. 7th. That there was a defect of parties defendants. 8th. That several causes of action were improperly united. 9th. That the complaint did not state facts sufficient to constitute a cause of action.

*E. G. Lapham,* for the defendant.

*H. R. Selden,* for the plaintiffs.

E. DARWIN SMITH, J. The complaint in this action is confessedly in the form of a declaration in ejectment under the revised statutes. Before the revised statutes, by counting upon demises from different lessors, the plaintiff might claim and recover on different titles, and insert in his declaration as many counts as he pleased. The revised statutes abolished the use of fictitious names of plaintiffs and defendants, and of the names of any others than the real claimants and the real defendants, and the statement of any lease or. demise to the plaintiff, and of an ejectment by any casual ejector. (2 *R. S.* 304, § 6,) But the advantage which the plaintiff had in the use of different demises, in the names of different lessors, was not relinquished thereby, but, except when the action was brought for the recovery of dower, the declaration might contain several counts, and several parties might be named as plaintiffs, jointly in one count and separately in others.

This is precisely what the plaintiffs have done in this case, and the question for the court is whether this form of proceeding is allowable in actions under or since the code. Section 111 of the code is as follows: "Every action must be prosecuted in the name of the real party in interest, except as otherwise provided in section 113." Section 113 excepts executors and administrators and trustees of an express trust, or persons authorized by statute to sue. Section 117 declares that all per-

sons having an interest in the subject of the action may be joined as plaintiffs. Section 118 provides that all who have an interest in the controversy adverse to the plaintiff, or who are necessary to a complete settlement or determination of the question involved in the suit, may be made defendants.

The rule in respect to parties, as contained in these sections, and in the 118th section and all others, *in pari materia*, show that the intent of the commissioners, as carried out by the legislature, was to adopt the rule of the courts of equity as there applied. ( *Wallace* v. *Eaton*, 5 *How.* 99, 100. *Hollenbeck* v. *Van Valkenburgh*, *Id.* 281, 284. 1 *Code Rep. N. S.* 83. *Id.* 395.)

The rule in equity, as well as at law, required that the plaintiffs should have a joint or common interest in the subject matter of the controversy, or in the relief sought. Such a bill of complaint as the one in this cause could not have been sustained upon the rule in equity, before the code, in respect to parties.

The provisions in the code prescribing the manner of commencing and conducting suits and of receiving and entering verdicts and perfecting judgments, all imply that it was the purpose of the codifiers and of the legistature to have but one form of commencing suits, one simple and single remedy for legal and equitable causes of action. So far as relates to the form of the remedy, the language of the code is too explicit to admit of any doubt upon this head. But it is claimed that section 455 creates an exception. That section embraces all that is contained in a single title. Chapter five is entitled as follows: "General provisions relating to actions concerning Real Property." (§ 455.) *Provisions of Revised Statutes applicable* thereto. (§ 455.) "The general provisions of the revised statutes relating to actions concerning real property shall apply to actions brought under this act, according to the subject matter of the action and without regard to its form.". The general provisions of the revised statutes relating to actions concerning real property are chiefly contained in chapter 5 of part 3 of the revised statutes, page 302, which is entitled, generally, "Of suits relating to real property."

St. John *v.* Pierce.

This chapter has eight titles. 1st. Of the action of eject-ment. 2d. Proceedings to compel the determination of claims to real property. 3d. Of the partition of lands. 4th. Of the act of nuisance. 5th. Of waste. 6th. Of trespass on lands. 7th. General provisions concerning actions relating to real prop-erty. 8th. Proceedings to discover the death of persons upon whose lives any particular estate may depend.

Section 455 is to be construed in connection with section 468 of the code, which repeals all statutory provisions inconsistent therewith, and section 471, which excepts certain other pro-visions of the revised statues. Express provisions are made in sections 448–50 and 453, and in section 471 of the code, for all the titles of said chapter 5 of the revised statutes except the first and the seventh. Nothing is left in that chapter for section 455 of the code specially to apply to, of said chapter five, except title 1, "Of the action of ejectment," and title 7, "General provisions concerning actions relating to real estate." These sections are not in the code of 1848, and were inserted first in 1849 ; and the section 455 was doubtless in-serted for greater caution, to save all provisions relating to real estate whenever they might be in the revised statutes, which could stand with the code. Construing, therefore, sections 455, 468 and 471.together, I think it must be held that all the gen-eral provisions in the revised statutes relating to real estate, where no specific inconsistent provision is made in the code on the same subject, remain in force, and are to be applied and adapted to the actions under the code. Whenever the code defines or declares a right, or provides a remedy, such provision must prevail and repeal any and every inconsistent provision in the revised statutes. It is a cardinal principle that all laws once enacted remain in force until repealed; and the question in respect to any provision in the revised statutes, independent of section 468, would be whether it is repealed, ex-pressly or impliedly. The whole question, therefore, upon this demurrer, turns upon the point, whether sec. 11 of chap. 5, title 1, part 3 of the revised statutes remains in force.

It seems to me that this section relates purely to the *remedy,*

and is therefore repealed, as inconsistent with the provisions of the code in regard to the *parties to actions,* as above stated, to *the form of actions,* and to the *whole scope* of the code. The action of ejectment is not retained. Actions in regard to real estate are provided for in the code, and are to be commenced under it by summons and complaint, and are to be proceeded in and conducted in conformity therewith.

The code, in section 142, prescribes what a complaint shall contain. It is declared that it shall contain, 1st. The title of the cause, specifying the name of the court in which the action is brought; the name of the county in which the plaintiff desires a trial to be had, and the names of the parties to the action, plaintiffs and defendants. 2d. A plain and concise statement of the facts constituting a cause of action, without unnecessary repetition. 3d. A demand of the relief to which the plaintiff supposes himself entitled. If the recovery of money be demanded, the amount thereof shall be stated. All other forms of pleading are *abolished.* (§ 140.) These sections are in conflict with the theory of separate counts in the name of separate plaintiffs, for the same cause of action, as in the former action of ejectment, and of separate counts in favor of the same plaintiffs, for the *same cause* of action, as in other actions. (*Lackey* v. *Vanderbilt,* 10 *How.* 161. 9 *id.* 552.) Section 167 is also directly in conflict with the form of pleading adopted by the plaintiffs in this action. In providing for the joinder of different causes of action it says: "But the causes of action so united must all belong to one of these classes, and *must affect all the parties to the action,*" &c. The first count in the complaint in this action affects all the parties to the action; the three other counts do not. They are each separate counts in favor of the plaintiff, separately stating distinct causes of action in favor of the several plaintiffs.

It is to be borne in mind that section 455 does not repeal any provision of the code. It is part of the code itself, and is to be construed in connection with the other provisions thereof, and as forming part of one system. It provides not to continue any previous form of action or modes of proceeding independ-

St. John *v.* Pierce.

ently, but directs that the general provisions of the revised statutes relating to actions concerning real property, " *shall apply to actions brought under this act.*" The action is to be instituted, conducted, regulated and determined in all its particulars as prescribed in the code, but substantial rights are to be maintained, asserted and enforced in and by " *the actions brought under this act,*" "according to the subject matter of the action and without regard to its form." The form is to be that of the code. All the incidental provisions of the action of ejectment, for instance, are to be adapted to the action under the code, not inconsistent with it and without respect to form. The intent of this section, 455, as I construe it, is that the change made in the form of the remedy shall not affect any substantial right, nor change any provisions relating to the remedy that can be adapted to and applied under the code in perfect consistency therewith. But the rule of the code is, in all cases, to prevail where there is any inconsistency between it and the former provisions of the statute. The first count, for instance, in this complaint, is in the form prescribed for a declaration in ejectment in the revised statutes. I think it a good count, and can see no objection to the use of this form of complaint under the code, whenever the plaintiff thinks proper to dispense with a verification of his complaint.

But, under the code of 1848, this form of a complaint could not have been used in all cases, for that act required all pleadings to be verified ; and in many cases a plaintiff could not verify his complaint in the form prescribed in the revised statutes for a declaration in ejectment.

The action of ejectment was anomalous before the code, but I think the codifiers did not intend to have any such anomaly remain. They clearly intended to have one uniform system of practice and pleading and proceeding in all civil actions, and it would be in utter conflict, in my opinion, with the whole principle, theory and policy of the code, to allow a variety of counts in the form presented in the complaint in this action. But such a mode of declaring is entirely unnecessary. The

codifiers intended to allow great latitude in regard to parties. They say, "We have intended to leave suitors very much at liberty to choose whom to make defendants and whom to join as plaintiff. No person can be affected by a judgment but a party, or one who claims under him. This rule will make the plaintiff bring in all the parties whom he wishes to affect. The judgment, as we have provided by section 161, can be given for or against any one or more of the plaintiffs or defendants. This will save the plaintiff from the hazard now encountered in bringing in too many parties, except that of paying costs." (See 1st Rep. of Com. 124 and 122.) Section 274 of the code, in respect to the entry of judgment, adopts the precise rule as it existed in the action of ejectment. (2 R. S. 307, § 30.) The 274th section of the code is as follows : " Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants, and it may determine the ultimate rights of the parties on each side as between themselves." Under this section some of the plaintiffs in this action may recover, according as the title may appear at the trial, while the defendant may have judgment against the rest, upon the first count in the complaint, in which the plaintiffs are all joined in the same manner and to the same effect as would have been practicable under the old form of ejectment under different counts. The court can render judgment according to the right of the case, as it appears at the circuit, and can amend the pleadings and dismiss the complaint as to some of the plaintiffs or defendant, so as to do substantial justice. This is a part of the liberal policy of the code to free litigation from the technicality and too strict adherence to forms, which had brought much reproach upon the administration of justice. A discreet exercise of the powers of the court to make amendments, to disregard variances and decide upon and give effect to the rights of the parties as disclosed on the trial of causes, and without regarding too strictly the mere consideration of form, will best carry out the object of the code and further the ends of justice. In this view of the duty of the court in respect to actions like the present, plaintiffs can suffer no wrong or injury for the want

of different counts in their complaints in the names of different plaintiffs.

The demurrer in this case is to the whole complaint, for a misjoinder of causes of action, not in the same right or between the same parties. In order to take advantage of this objection the defendant was bound to demur. (*Code*, § 148.) And although the first count of the complaint is a good one, we cannot separate it from the three counts improperly joined with it, and the demurrer must therefore be sustained to the whole complaint.

The decision of the special term should be reversed upon the usual terms.

T. R. STRONG, J., concurred.

WELLES, J., dissented.

Judgment reversed.

