## WASHBURNE *a.* LANGLEY.

*Supreme Court, Second District; General Term, May,* 1863.

SECURITY FOR COSTS.—EX-PARTE STAY OF PROCEEDINGS.—JUSTIFICATION OF SURETIES.—EFFECT OF CODE IN REPEALING INCONSISTENT STATUTES.

The provisions of the Revised Statutes (2 *Rev. Stat.*, 620), respecting security for costs, are not repealed by the Code of Procedure.

The power given by those provisions to a judge out of court to order security, and to stay proceedings until it is filed, is not taken away by section 401, subdivision 6, of the Code,—which forbids a judge out of court to stay proceedings for more than twenty days, except upon notice to the adverse party.[*]

---

[*] In SISSON *a.* LAWRENCE (*Supreme Ct., Seventh District; Special Term, December,* 1862), it was *Held,* that an order extending the time to answer is not an order staying proceedings, within the meaning of section 401, subdivision 6, of the Code, —which forbids stays of proceedings to be granted *ex parte* for longer than twenty days,—since an order extending the time to do any specific act has only incidentally and partially the effect to stay the proceedings of the adverse party. Hence, an order, extending the time to answer for thirty days, may be made out of court, —*e. g.*, by a county judge,—and without notice.

The cause came before the court on a motion to set aside the judgment as irregularly entered. The grounds of the motion appear in the opinion of the court.

JAMES C. SMITH, J.—I think that the order of the county judge, extending the time to answer thirty days, although made *ex parte,* was valid ; and that the judgment, which the plaintiff took by default for want of an answer, after he had been duly served with the order, and before the time granted thereby had expired, is for that reason irregular, and should be set aside. The county judge had power to make the order, under section 405 of the Code of Procedure.

By the Revised Statutes, the justification of sureties, in a bond of security for costs, is unnecessary, unless they are excepted to.

The defendant has twenty days in which to decide whether he will except, or not, to sureties in a bond of security for costs; and if he does except, they must justify thereafter. Justification before exception does not dispense with this.

It is claimed, however, by the plaintiff, that the order had the effect to stay his proceedings, and that it is, therefore, within section 401, subdivision 6, of the Code,—which provides that no order to stay proceedings for a longer time than twenty days shall be granted by a judge out of court, except upon previous notice to the adverse party.

But this position seems to me untenable. An order extending the time to answer is not an order staying proceedings. It does not obstruct the plaintiff's path, except to prevent his taking steps against the defendant as in default for omitting to answer. In all other respects, he is at as full liberty to proceed as if the order had not been made. Thus, he may examine witnesses conditionally, or avail himself of the important "provisional remedies" prescribed by the Code. The order enlarging time is made for the sole purpose of securing to the applicant a reasonable opportunity of doing some act in the suit permitted by the established practice, and which, by reason of some extraordinary circumstances, he has not been able to perform within the usual time allowed for that purpose. As all the facts and circumstances which are to be considered, upon an application for an order of that nature, relate exclusively to the ability of the applicant to perform the act within the time prescribed by law or by the rules of court, the Legislature have not required notice to be given of the application; and have left it to the judge, in each case, to determine, in his discretion, how far the time shall be extended.

But an order staying proceedings has reference solely to the proceedings of the applicant's adversary. It is based upon the idea that it would be unconscientious to allow him to proceed, and it binds him so that he cannot stir. The manifest reasons which induced the Legislature to limit the time during which an order so stringent shall be effectual, when made by a judge out of court, without notice, have no application to an order extending time.

To hold that the county judge had not power to make the order in question, simply because it incidentally stayed the plaintiff from proceeding to judgment, would be a virtual repeal of section 405; as it is difficult to conceive of an order, enlarging the time of one party, which does not incidentally delay the proceedings of the opposite party in some particular. If it be urged that the discretionary power given by section 405 is peculiarly liable to abuse, the obvious answer is, that considerations of that nature should be addressed to the Legislature, and not to the courts.

The conclusion to which these views lead is supported by the case of Wilcock a. Curtis (1 *Code R.*, 96); but, as that case stands alone, so far as I have observed, and a doubt has been expressed as to its correctness (1 *Whitt. Pr.*, 356, § 74; 2 *Ib.*, 43, § 166), I have considered the question on its merits.

The judgment is also irregular, for the reason that the plaintiff caused the damages on the note in suit to be assessed by the clerk, without notice to the defendants, although they had given due notice of appearance, and the complaint was not sworn to. (*Code*, § 246.)

The judgment and all subsequent proceedings must be set aside, with costs of this motion, and the defendants must be permitted to answer in ten days after the entry of the order.

Appeal from an order vacating a judgment.

This was an action brought by Dexter Washburne and another against Dewitt C. Langley and another. The defendant Langley was served with the summons and complaint on September 1st, 1862. The other defendant had not been served. In due time, Langley appeared by Lucien Birdseye, Esq., as his attorney. On September 23d, 1862, Langley's attorney obtained from Mr. Justice Barnard, out of court, an order that the plaintiffs file security for costs within twenty days, and that all plaintiffs' proceedings be stayed until such security should be filed, and the sureties should justify, if excepted to. No answer had ever been put in, nor had the time to answer been in any way extended. The order of Mr. Justice Barnard was served on the plaintiffs' attorney on the same day it was made. On the nineteenth day after the order was signed and served, a bond for costs with one surety was executed, the surety made the affidavit of justification required by the statute, the bond and affidavit were filed with the clerk, and a copy of the bond, affidavit, and notice of filing, was served on the attorney for Langley. At the same time (Langley being in default for want of an answer), there was served a bill of costs and notice of adjustment for October 14th, 1862, being the twenty-second day after the order was signed and served. This bill of costs and notice of adjustment was returned the next day, with a notice that it was irregular, that all plaintiffs' proceedings were stayed until the surety should justify, if excepted to, that the statute allowed twenty days in which to except, that the affidavit of justification already made went for nothing, and the defendants' attorney would make up his mind within twenty days whether he would accept or not. The plaintiffs' attorney, disregarding the return of the bill of costs, had the costs adjusted at the time named in the notice, entered judgment, and issued execution. The defendants' attorney moved to vacate the judgment on the ground of irregularity; and the special term of Kings county, Mr. Justice Brown presiding, vacated the judgment and set aside the execution, with $10 costs. The plaintiffs appealed from this order of the special term.

*William Henry Forman,* for the appellants.—I. The order of

Judge Barnard was void *ab initio*, because it was a stay for an indefinite time, and might be a stay for sixty days. A judge out of court has not power to make such an order. 1. A judge of the Supreme Court, acting out of court, is of limited jurisdiction. He can do what the Legislature has authorized him to do, and no more. (Bangs *a.* Selden, 13 *How. Pr.*, 376.) 2. An order made by an authority of limited jurisdiction must be strictly within the power authorized, and show that power on its face. 3. Section 401, subdivision 6, of the Code, forbids a judge out of court to stay proceedings for more than twenty days. This provision is mandatory. (Lottimer *a.* Lord, 4 *E. D. Smith*, 188.) 4. No order can be made by a judge out of court which will not cease, by its own limitation, before, or at the end of twenty days. (Lottimer *a.* Lord, 4 *E. D. Smith*, 188; Wood *a.* Kimball, 18 *How. Pr.*, 163.)

II. Part 3, ch. 10, tit. 2, § 5, of the Revised Statutes, so far as it authorizes a judge out of court to stay proceedings for more than twenty days without notice, is repealed by section 401, subdivision 6, of the Code. The two are wholly inconsistent.

III. If the order of Mr. Justice Barnard was not void *ab initio*, it was at most a stay of proceedings for twenty days, and no more. The costs were not adjusted and judgment entered until the twenty-second day after the signing and service of the order. (*Code*, § 401, subd. 6.)

IV. Such a stay did not prevent the plaintiffs serving notice of adjustment of the costs for a day subsequent to the twenty days.

V. But if the order of Mr. Justice Barnard did prevent serving notice until after the expiration of the twenty days, the most that can be said, is, that the costs were adjusted and entered in the judgment without notice. As to the effect of inserting costs without notice the authorities differ. But the weight of authority is, decidedly, that such a proceeding does not affect the regularity of the entry of the judgment, but only makes the insertion of the costs in the judgment irregular and liable to be vacated. The following cases hold that the insertion of the costs without notice make the judgment irregular: Elson *a.* N. Y. Eq. Ins. Co. (2 *Code R.*, 30); Bank of Massillon *a.* Dwight (*Ib.*, 49); Coldsmith *a.* Marpe (*Ib.*); Doke *a.* Peek

(1 *Ib.*, 54). The cases on the other side are, Richards *a.* Swetzer (*Ib.*, 117); Dix *a.* Palmer (3 *Ib.*, 214); Tracey *a.* Humphrey (1 *Ib.*, *N. S.*, 197); Potter *a.* Smith (9 *How. Pr.*, 262); Stimson *a.* Huggins (16 *Barb.*, 658); Hughes *a.* Mulvey (1 *Sandf.*, 92); Gilmartin *a.* Smith (4 *Ib.*, 684).

VI. Even under the Revised Statutes before the Code, the filing of the affidavit of justification with the bond vacated the stay of proceedings, because, 1. All that the defendant could have was an affidavit. He could not require the surety to attend and submit to an examination. (Barnett *a.* Pardon, 10 *Wend.*, 616.) 2. The statutes say, "such justification," that is justification by affidavit, "shall operate to discharge the stay of proceedings." (3 *Rev. Stat.*, 5 ed., 910, § 6.)

VII. There would appear to be no reason why the surety may not justify as well before exception as after. Any other construction makes the statute a mere machine for extending defendants' time to answer, twenty days, certainly, and perhaps sixty. It is the usual practice to file the affidavit with the bond.

VIII. The order appealed from should be reversed, with costs.

*Lucien Birdseye*, for the respondent.

BY THE COURT.*—SCRUGHAM, J.—The statutory provision for obtaining security for costs from non-resident plaintiffs is not inconsistent with the Code, and is, in substance, applicable to the actions thereby provided. Therefore, it is not repealed by it. (*Code*, § 471.)† The power of the court or judge making

---

* Present, BROWN, P. J., SCRUGHAM and LOTT, JJ.

† The principle of the decision, upon this point, seems to be that where existing statutory provisions furnish a remedy which is not inconsistent with the Code of Procedure, and; in substance, applicable in actions under it, the exception contained in section 471 keeps in force all the provisions of the existing statute on the subject, no matter how inconsistent some of them may be with the Code. That is to say, that when there is a provision of the Revised Statutes, the general object of which, and some of the sections of which are not inconsistent, and are applicable, other incidental regulations are retained, although they may be inconsistent. Compare, on this subject, Hammond *a.* Tillotson (18 *Barb.*, 332); Mann *a.* Provost (3 *Ante*, 446); St. John *a.* Pierce (22 *Barb.*, 362); Wood *a.* Staniels (3 *Code R.*, 152); Traver *a.* Traver (3 *How. Pr.*, 351; S. C., 1 *Code R.*, 112); Townsend *a.* Townsend (2 *Sandf.*, 771); Bank of Commerce *a.* Rutland & Washington R. R. Co. (10 *How. Pr.*, 1).

the order for security to stay the plaintiffs' proceedings until the securities be filed and the sureties justify, if excepted to, is derived from the statute, and is the only method therein provided to compel the plaintiffs to file the security as ordered. It is a necessary part of the statute, without which it would be of little effect; and as by section 471 the whole provision is saved from repeal, section 401, forbidding the granting of an order *ex parte* for a longer stay than for twenty days, must be regarded as inapplicable to such proceedings.

The order stayed the plaintiffs' proceedings until the sureties should justify, if excepted to; and, by the fifth section of the act, the defendant is given twenty days, after the filing of the bond and notice thereof, to except to the sufficiency of the sureties.

He cannot be deprived of this statutory right by justification before exception. The time is given to him, that he may inquire into the circumstances of the sureties, and satisfy himself of their responsibility. Again, it might be possible for sureties to justify on the execution of the bond, and, from subsequent insolvency or other cause, impossible for them to do so twenty days thereafter.

True, the defendants' exception will not entitle them to examine the sureties, or render it necessary for them to justify otherwise than by affidavit, and it may sometimes happen that a defendant will postpone excepting, solely for the purpose of delaying the plaintiff; but the non-resident plaintiff may prevent this by filing his security at the commencement of the action, and, if he neglect to do so, he cannot justly complain of the delay to which the omission will expose him.

The order should be affirmed, with costs.