ALRICK HUBBELL, and ALFRED S. HUBBELL, as trustee of the property and effects of the late Alfred Hubbell, deceased, *vs.* ANTHONY LERCH.

The former practice of naming several persons as lessors of the plaintiff, in an action of ejectment, or of uniting several parties as plaintiffs; who might claim by separate and distinct counts, under different titles, or demises, has been abolished by the Code.

The action for the recovery of the possession of real property now stands upon the same footing, precisely, in respect to parties, and the union of causes of action in a single complaint, with all other actions.

The Revised Statutes, while they abolished the use of fictitious parties in this class of actions, retained the other part of the fiction, of the use of claims under various and hostile demises, and using the names of as many different parties as plaintiffs.

The Code abolishes all these fictions together, and requires all actions to be brought in the name of the real party in interest; except in the cases provided for in sections 111 and 113; and that such party shall state, in his complaint, the facts constituting his cause of action, in a concise manner, without unnecessary repetition.

The manifest design was, to abolish all fictions in actions; both as respects parties and pleadings.

APPEAL from an order made at the Monroe special term, sustaining a demurrer to an amended complaint.

The complaint alleged, 1st. That one Alfred Hubbell, in his lifetime, was lawfully seised in fee and possessed of the premises therein described; and being so seised and

possessed thereof he died in 1853, intestate, leaving Mary Hubbell his widow, who died in 1855, intestate, and Alfred M., Mathew and Albon H. Hubbell, his only heirs at law, then minors. Said Mathew and Alfred M. died in 1868, intestate and unmarried, leaving said Albon H. the only next of kin, who, in February 1870, duly conveyed said premises to the plaintiff Alrick Hubbell.

2d. That said Alfred Hubbell, January 12, 1849, assigned to Joseph Medbery and E. Darwin Smith all his property for the benefit of his creditors, including said premises; and they accepted and entered upon the discharge of the trusts thereby created.

3d. The proceedings of the special term of this court in 1863, whereby Medbery and Smith resigned said trust, and the plaintiff Alfred S. Hubbell was appointed trustee under the assignment, in their place, and they duly conveyed to him, as such trustee, all the lands of said Alfred Hubbell, including said premises.

4th. That in and by the aforesaid matters, the plaintiffs, and each of them, became and were, and each was, before and at the time of the commencement of this action, and now are, and each is, the owner in fee and entitled to the possession of said premises.

5. That before the commencement of this action, on or about the 1st of January, 1870, the defendant entered into said premises, and unlawfully withholds from the plaintiffs and each of them the possession thereof, to their damage of $500; and the value of the use thereof &c. is $500.

Demand of the usual judgment, for possession of the premises and damages for withholding the same.

The defendant demurred to the complaint, stating the following grounds thereof:

1st. It does not state facts sufficient to constitute a cause of action.

2d. Two several causes of action have been improperly united.

3d. There is a defect of parties plaintiff.

The demurrer was sustained, on argument, at special term, and the plaintiffs appealed.

*Richardson & Adams*, for the appellants.

*J. C. Cochrane*, for the respondent.

*By the Court*, JOHNSON, J. The complaint manifestly contains two counts, and has two causes of action which are entirely hostile to each other, and which do not equally affect all the parties to the action as required by section 167 of the Code. Here are two plaintiffs, each claiming under a title adverse and hostile to the other, and each, apparently, upon the face of the complaint, having a good cause of action against the defendant in his own right. Each cause of action is set out separately, under different heads, or numbers, in the usual way of stating separate causes of action. No fact is stated to show that either plaintiff is interested in, or affected by, the title and cause of action alleged by the other. What is stated under the fourth head or division of the complaint—that each of the plaintiffs are owners in fee, and each entitled to the possession of the premises for the use and benefit of the plaintiff Alrick Hubbell—is a mere legal conclusion, which appears by the facts previously stated to have no foundation whatever. It is, in fact, an attempt by two plaintiffs, claiming title to the same premises from different sources, entirely adverse and hostile to each other, to compel the defendant to litigate, and defend against these two causes of action, and two hostile parties plaintiffs, in a single action. It presents the precise question that was decided in *St. John* v. *Pierce*, (22 *Barb.* 362,) which arose in the same way in which the question is presented here. The

Hubbell v. Lerch.

demurrer was there sustained, as we think, upon sound and correct principles. It is clearly shown, by the opinion in that case, that the former practice of naming several parties as lessors of the plaintiff, or of uniting several parties as plaintiffs, who might claim by separate and distinct counts, under different titles or demises, has been abolished by the Code. The action for the recovery of the possession of real property, now stands upon the same footing, precisely, in respect to parties, and the union of causes of action in a single complaint, with all other actions. The Revised Statutes, while they abolished the use of fictitious parties in this class of actions, retained the other part of the fiction, of the use of claims under various and hostile demises, and using the names of as many different parties as plaintiffs. *Smith* v. *Dewey*, (15 *Wend.* 601.)

The Code abolished all these fictions together, and required all actions to be brought in the name of the real party in interest, except in the cases provided for in sections 111 and 113, and that such party should state, in his complaint, the facts constituting his cause of action, in a concise manner, without unnecessary repetition. The manifest design was, to abolish all fictions in actions, both as respects parties and pleadings. We think the demurrer was properly decided at special term, and that the order should be affirmed.

[FOURTH DEPARTMENT, GENERAL TERM, at Oswego, May 7, 1872. *Mullin*, P. J., and *Johnson* and *Talcott*, Justices.]