ALRICK HUBBELL et al., Appellants, *v.* ANTHONY LERCH, Respondent.

Two persons, each claiming the whole of a parcel of land by a title hostile to that of the other, cannot unite as plaintiffs in an ·action of ejectment against a third party in possession; and it is immaterial whether the complaint sets forth the opposing titles in one or in separate counts. In either case it is defective.

. The rules governing the joinder of causes of action prescribed by section 167 of the Code, are applicable as well to actions of ejectment as to other actions.

' *It seems,* that if the provision of the Revised Statutes, in reference to parties plaintiff in ejectment were still in force (2 R. S., 304, § 11), it would . not sustain a complaint in which two such opposing claims were joined, in the absence of a count alleging a joint title in the plaintiffs.

. (Argued June 3, 1874; decided September 22, 1874.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order affirming an order at Special Term sustaining demurrer to the complaint herein.

. This was an action of ejectment.

The complaint was divided into five subdivisions, in substance, as follows:

1. Alleging that one Alfred Hubbell, in his lifetime, was lawfully seized in fee and possessed of the premises therein

described; and being so seized and possessed thereof he died in 1853, intestate, leaving Mary Hubbell, his widow, who died in 1855, intestate, and Alfred M., Mathew and Albon H. Hubbell, his only heirs at law, then minors. Said Mathew and Alfred M. died in 1868, intestate and unmarried, leaving said Albon H., the only next of kin, who, in February, 1870, duly conveyed said premises to the plaintiff Alrick Hubbell.

2. Alleging that said Alfred Hubbell, 12th January, 1849, assigned to Joseph Medbery and E. Darwin Smith all his property for the benefit of his creditors, including said premises, and they accepted and entered upon the discharge of the trusts thereby created.

3. Setting forth certain proceedings of the Special Term, in 1863, whereby Medbery and Smith resigned said trust and the plaintiff Alfred S. Hubbell was appointed trustee under the assignment in their place, and they duly conveyed to him, as such trustee, all the lands of said Alfred Hubbell, including said premises.

4. Alleging that in and by the aforesaid matters the plaintiffs, and each of them, became, and were and each was before and at the time of the commencement of this action, and now are and each is the owner in fee and entitled to the possession of said premises for the use, benefit and behalf of the plaintiff Alrick Hubbell.

5. Alleging that before the commencement of this action, on or about the 1st of January, 1870, the defendant entered into said premises and unlawfully withholds from the plaintiffs, and each of them, the possession thereof to their damage of $500; and the value of the use thereof, etc., is $500.

The defendant demurred to such complaint upon the following grounds:

1. It does not state facts sufficient to constitute a cause of action.

2. Two causes of action have been improperly united.

3. There is a defect of parties plaintiff.

*G. W. Adams* for the appellants. · All persons having an interest in the subject of an action and in obtaining the relief demanded may join as plaintiffs, except as otherwise provided in the Code. (Code, §§ 117, 118, 274; *Loomis* v. *Brown*, 18 N. Y., 76.) Defendant cannot object that there is an improper joinder of parties or of several causes of action in the complaint. (Voorhies' Code, 1870, p. 208, note 6, and cases cited; Wait's Code, pp. 237, 238, *e*, and cases cited.) In order to overthrow the complaint, the demurrer must present defects so substantial that, taking all the facts to be admitted, they furnish no cause of action. (8 Abb., 7; 3 E. D. S., 677; 17 Barb., 260; 5 Duer, 168, 697; 20 Barb., 378; 28 Eng. L. and Eq., 157; 28 Barb., 170; 17 How., 56.) Where a complaint contains two causes of action that could be united, one good and the other bad, a demurrer to the whole complaint is untenable. (*Cook* v. *Chase*, 3 Duer, 634; *Hale* v. *O. Nat. Bk.*, 49 N. Y., 626; 2 id., 62; *Butler* v. *Wood*, 10 How., 222; *Martin* v. *Matteson*, 8 Abb., 3; 11 Paige, 415; *Newberry* v. *Garland*, 31 Barb., 121, 127; *Walter* v. *Lockwood*, 23 id., 228; *Ensign* v. *Sherman*, 14 How., 439; *Sanders* v. *Leavey*, 16 id., 308, 312; *People* v. *Mayor, etc., of N. Y.*, 28 Barb., 240; Code, § 455.) The second ground of demurrer, that two several causes of action have been improperly united in the complaint, is insufficient and not well taken. (Code, § 145; *Fulton F. Ins. Co.* v. *Baldwin*, 37 N. Y., 648; S. C., 5 Tr. Apps., 180; *People ex rel.* v. *Brooks*, 53 N. Y., 648; 1 Code R., 25; 2 id., 2, 56, 145; 3 id., 162; 1 Code R. [N. S.], 403; 3 How., 280; 4 id., 96; 6 id., 255, 361; 7 id., 278; 8 id., 177; 6 N. Y. Leg. Obs., 314; 7 id., 319; 13 Abb., 442; 15 id., 391; 39 Barb., 206; 12 id., 433; *Bass* v. *Comstock*, 38 N. Y., 21; 36 How., 382; 2 id., 1; 7 Abb., 222; 10 id., 445; *Hillman* v. *Hillman*, 14 How., 456.) The ground of demurrer that there is a defect of parties plaintiff is not sufficiently assigned, and is not tenable in substance. (*Skinner* v. *Stewart*, 13 Abb., 443, 457; *Johnson* v. *Wetmore*, 12 Barb., 433; 28 id., 240; *Allen* v. *City of Buffalo*, 38 N.

Y., 280; *Dunderdale* v. *Grymes*, 16 How., 384; *Barton* v. *Draper*, 5 Duer, 130; *Richtmyer* v. *Richtmyer*, 50 Barb., 55, 56, 60, 61.; *People ex rel.* v. *Brooks*, 53 N. Y., 648; *Palmer* v. *Davis*, 28 id., 242, 246, 247; *Fisher* v. *Hall*, 2 Hand, 417, 424.)

*J. C. Cochrane* for the respondent. The complaint in this action contained two distinct and entirely separate causes of action and was properly demurred to. (Code, § 167, sub. 5; § 144; *Beal* v. *Mott*, 37 Barb., 208; *Bradley* v. *Blair*, 17 id., 480; *Hess* v. *B. and N. F. R. R. Co.*, 29 id., 391; *Wood* v. *Perry*, 1 id., 114; *Lucas* v. *N. Y. C. R. R. Co.*, 21 id., 245; *Hall* v. *Fisher*, 20 id., 441; *St. John* v. *Pierce*, 22 id., 362; affirmed Ct. Apps., 26 How., 599; *Wells* v. *Jewett*, 11 id., 242; *Fisher* v. *Hall*, 41 N. Y., 417, 424.)

RAPALLO, J. The complaint is so framed as to show that if one of the plaintiffs has a cause of action the other cannot have one. Both plaintiffs unite in stating, in one part of the complaint, that the plaintiff Alrick Hubbell is seized, in his own sole right, of an estate in fee in the premises in question as assign of the heirs at law of Alfred Hubbell, deceased, who died seized as is alleged. The same plaintiffs, in a subsequent part of the complaint, unite in declaring that Alfred Hubbell, in his lifetime, conveyed the premises, upon a valid trust, to Medbery and Smith, of whom the plaintiff Alfred S. Hubbell is the successor. If the complaint is to be regarded as containing only one count it is *felo de se* and shows no right of action in either plaintiff. Alrick Hubbell's claim as assign of the heirs at law of Alfred Hubbell, deceased, is shown to be unfounded by the subsequent statement, in which Alrick unites, that Alfred Hubbell, in his lifetime, conveyed the property to Medbery and Smith; and the claim of Alfred S. Hubbell, as successor to Medbery and Smith, is neutralized by the statement, in which he unites, that, in the year 1853, Alfred Hubbell died seized and possessed of the property in dispute. Each plaintiff therefore,

in the same breath, states facts showing that he is and that he is not entitled to recover. Such a complaint fails to show a cause of action in either plaintiff.

The allegation that each of the plaintiffs is under the conveyances, proceedings, etc., the owner in fee and entitled to the possession of the property described in the complaint, for the use of the plaintiff Alrick Hubbell, is as stated in the opinion of JOHNSON, J., at General Term, a mere legal conclusion and not a statement of fact. It is also a legal impossibility. No interest in common is anywhere shown. The title of each plaintiff is hostile to that of the other. Both cannot be entitled to recover. There is no allegation that the debts provided for by the assignment to Medbery and Smith have been paid or discharged, or that the purposes of the trust have ceased. The facts stated show that if one of the plaintiffs is entitled to the possession the other is not; and if no answer were interposed, the court would be unable to determine which plaintiff was entitled to judgment.

If the complaint is to be regarded as containing two counts or statements of causes of action, then it is equally defective for the reasons stated in the opinion of JOHNSON, J. Section 167 of the Code, which declares what causes of action may be united, expressly requires that (except in actions for the foreclosure of mortgages) the causes of action so united must affect all the parties to the action. This does not permit two persons, each of whom claims the whole of a piece of land by a title hostile to that of the other, to unite as plaintiffs in an action of ejectment against a third party who may be in possession, and to set forth the title of each plaintiff in a separate count.

It is claimed that this form of pleading in ejectment is sanctioned by the Revised Statutes (§ 11, tit. 1, chap. 5, pt. 3) which permits several parties to be named as plaintiffs jointly in one count and separately in others. Even if that section were now in force it would not sustain the present complaint, for it contains no allegation of a joint title in the plaintiffs. But, I think, it can hardly be ques-

tioned that the rules governing the joinder of causes of action are now to be found in the Code and not in the Revised Statutes, and that section 167 of the Code is applicable to actions of ejectment as well as to other actions, for subdivision 5 of that section expressly includes " claims to recover real property, with or without damages for withholding thereof, and the rents and profits of the same." For this reason as well as those stated in the opinion of JOHNSON, J., and those contained in *St. John* v. *Pierce* (22 Barb., 362; affirmed in this court, 26 How. Pr., 599), I am of opinion that if this complaint is to be regarded as setting forth several causes of action, they have been improperly united and the demurrer was properly sustained on that ground.

In whichever way the language of the complaint is to be construed, whether as attempting to set forth two causes of action or one, I think the demurrer was properly sustained and that the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.