### JOHN M. HORNER *vs.* CLAUS SPRECKELS.

APPEAL FROM DECISION OF AUSTIN, J., OVERRULING DE-
MURRER.

#### JULY TERM, 1885.

JUDD, C. J.; McCULLY and PRESTON, JJ.

W. Y. Horner, having made a planting contract with defendant, assigned an interest in the contract to his brother, J. M. Horner, who brought suit against defendant for breach of the contract.

Held that J. M. Horner, by the assignment, became, not a tenant in common with his brother, but a joint contractor, and therefore W. Y. Horner should have been joined as a co-plaintiff.

Decision appealed from Reversed.

OPINION OF THE COURT, BY PRESTON, J.

THIS action is brought to recover the sum of $31,902 82 damages alleged to have been sustained by the plaintiff in consequence of the alleged breach of an agreement for planting and grinding cane.

The complaint alleges that the defendant on the 19th January, 1880, agreed with one William Y. Horner that in consideration that said W. Y. Horner or his assigns should for the term of seven years thereafter plant with sugar cane at least two hundred acres of land in each year during the said term for the defendant, upon the Island of Maui, and cultivate, irrigate and strip the same and deliver the same to the defendant during the seasons when the cutting of cane should be going on and when the defendant should be ready to receive and grind the same, he, the defendant, would furnish for the irrigation of said cane such supply of water as in the opinion of the defendant or his agent should be sufficient to irrigate said cane, and should make a fair distribution of water, in case of scarcity thereof, between the cane planted and cultivated under said agreement by the said William Y. Horner and his assigns and all other cane upon the defendant's lands requiring irrigation from the sources of water available therefor. And further, that the defendant would grind and make said cane into sugar and deliver to the said W. Y. Horner and his assigns one-half of the said sugar during the first year of the said agreement, and one-third thereof thereafter.

The declaration then avers an assignment on the 1st June, 1880, by said W. Y. Horner to the plaintiff, with the consent of the defendant, of one undivided half of his interest under said agreement.

And that said W. Y. Horner until the assignment, and the plaintiff and W. Y. Horner thereafter, did and performed all things required by said agreement to be done and performed on the part of the said W. Y. Horner and his assigns.

Breach. That the defendant from and after about the 4th March, 1883, did not furnish for irrigation of said cane such supply of water as in the opinion of the defendant or his agent was sufficient to irrigate said cane, and did not make a fair distribu-

tion of water between the cane so planted and cultivated under said agreement and all other cane upon the defendant's land requiring irrigation from the sources of water available therefor, but wholly failed, neglected and refused so to do; by reason of such failure, neglect and refusal of the defendant about 260 acres of sugar cane planted under said agreement became withered, dried up and woody, and of little value, so that the sugar produced therefrom was about 830 tons less than would and could have been made therefrom had the said cane been by the defendant furnished with water for irrigation, according to his said agreement.

And further, that plaintiff devoted much time, labor and skill to the planting and cultivating of the cane and expended thereon large sums of money.

The declaration alleges performance of conditions precedent and claims to recover the amount claimed.

To this declaration the defendant demurred, on the ground of the non-joinder of W. Y. Horner as plaintiff.

The demurrer was argued before the late Mr. Justice Austin, who overruled the demurrer.

The defendant appealed from his decision.

On behalf of the defendant it was claimed that by the assignment the plaintiff became a joint contractor with W. Y. Horner, and therefore it was necessary to make W. Y. Horner a co-plaintiff.

On behalf of the plaintiff it was contended that the plaintiff by the assignment became a tenant in common with W. Y. Horner, and as such could sue separately.

The following authorities were cited or referred to:

Chitty on Pleadings, Vol. 1, pp. 9, 10, 11; *Petrie vs. Bury*, 3 B. & C., 353; *Foley vs. Addenbrooke*, 4 A. & E., 205; Addison on Contracts, Vol. 1, p. 39; *Moody vs. Sewall*, 14 Me., 295; *Tylee vs. McLean*, 10 Wend., 374; *Dunlop vs. Gregory*, 10 N. Y., 241; *Walls vs. Hinds*, 4 Gray, 256; *Thompson Bros. vs. Halawa Sugar Company* (In Equity before McCully, J.; not reported); *Devlin vs. Mayor of New York*, 63 N. Y., 17; Pomeroy's Civil Remedies, Sec. 185; *Cruger vs. McLaury*, 41 N. Y., 219; *Jones vs. Fitch*, 3 Bosw., 63; *Porter vs. Bleiter*, 17 Barb., 149; *Crawford vs. Green*, 35 Ia., 543; *Hasbrouck vs. Bunce*, 3 N. Y., 311; *Hubbell vs. Lirch*,

58 N. Y., 241; *Wells vs. Cone*, 55 Barb., 585; *Van Horne vs. Crane*, 1 Paige, 455; *Holland vs. Weld*, 4 Greenleaf, 219; *Tate vs. Citizens' Insurance Company*, 13 Gray, 82; *Skinner vs. King*, 4 Allen, 498; *Crompton vs. Jones*, 4 Cowen, 13; *Tiernan vs. Jackson*, 5 Peters, 580–597.

On a review of the authorities and after reading the opinion of the late learned judge we are of opinion that this decision, which appears to have been formed under the assumption that the plaintiff and W. Y. Horner were tenants in common, was erroneous.

We think that by the assignment to the plaintiff—with the assent of the defendant—of one undivided half interest in the agreement, a new contract was made between W. Y. Horner and the plaintiff on the one side, and the defendant on the other, to perform the several works upon the terms of the original agreement, and that, consequently, W. Y. Horner should be joined as a plaintiff.

The plaintiff seeks to recover the whole damages alleged to have been sustained, and which, it is admitted on behalf of the plaintiff, W. Y. Horner could not himself do.

The judgment, therefore, is that the decision appealed from be reversed, with costs of this appeal and in the court below.

The plaintiff to have leave to amend as he may be advised within twenty days on payment of costs.

*A. S. Hartwell* and *Jona. Austin*, for plaintiff.

*Paul Neumann*, and *F. M. Hatch*, for defendant.

Honolulu, July 21, 1885.